**Charles N. CARSON, Plaintiff,**

v.

**L.V. STEPHENSON, et al., Defendants.**

**No. 86–1319–CRT.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

July 2, 1987.

Charles N. Carson, pro se.

Gail E. Weis, Associate Atty. Gen., Raleigh, N.C., for defendants.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This is a civil rights action brought under 42 U.S.C. § 1983 by the plaintiff, Charles N. Carlson, an inmate in North Carolina who is currently incarcerated at Central Prison in Raleigh, North Carolina. Presently before the court is the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The defendants are L.V. Stephenson, Superintendent at Harnett Correctional Center in Lillington, North Carolina, and the North Carolina Department of Correction. The plaintiff alleges that he was improperly denied promotion to minimum custody on the basis of his religion and in violation of his constitutional rights. Carter seeks $500,000 in compensatory damages for mental anguish and $500,000 in punitive damages.

According to the affidavits of the defendant Stephenson and W. Van Penninger, Jr.,

Section Classification Coordinator of the North Carolina Department of Correction, Carter is serving a thirty-five year sentence and has been incarcerated since the fall of 1976. Since his admission to the North Carolina Prison System, Carson has had twenty-eight rule infractions. On February 24, 1987, Carson was convicted of assaulting another inmate by hitting him about the head and face. The defendants maintain that Carson was not classified for minimum custody because his case factor score is too high and because he has just been reassigned to Central Prison.

The case factor review process used by the North Carolina prisons to classify inmates was implemented on December 1, 1984. The system was designed to maximize uniformity of classification procedures. Case factor scores are calculated using a basic case factor, subtotal and an additional case factor subtotal to include a combined total rating. The basic case factors include primary conviction, secondary conviction, and institutional violence. Primary and secondary convictions are awarded points dependent upon the crime of conviction and are related to the presumptive sentencing class definitions. An inmate's escape history is also included as a case factor. The major infraction record is evaluated and points are awarded depending on the number of infractions which have occurred and the time period elapsed since the last infraction. The combination of the basic case factors and the additional case factors yield the combined total rating. A combined total rating of 19 and above suggests assignment to close custody, 14 to 18 points suggests medium custody, and 13 and below suggests minimum custody. However, override factors may be used when, in the judgment of the staff, the suggested combined rating is not appropriate.

These regulations establish certain suggested custody and security grades based on the case factor review totals. However, the custody grades are not mandatory and are always subject to review and override by the reviewing authority.

The case factor review process also includes four standard classification assignment rules which are as follows: (1) a felon inmate must be within sixty months of sentence expiration, mandatory parole, or parole eligibility to be considered for a promotion to minimum custody; (2) an inmate should not be promoted from one custody grade to another within ninety days of a major infraction; (3) an inmate should not be promoted beyond one level of classification with any one action; and (4) an inmate should not be promoted to minimum custody within ninety days of admission or parole revocation.

The facts articulated in the defendants' affidavits are not contradicted by the plaintiff. Thus, there is no material question of fact at issue in this case and the matter is ripe for summary judgment.

In *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the United States Supreme Court held that its decisions had "repeatedly said both that prison officials had broad administrative and discretionary authority over the institutions they manage and lawfully incarcerated persons retain only in their range of protected liberty interests." *Id.* at 467, 103 S.Ct. at 869. Moreover, the court held that the mere fact that the inmate was previously housed in the regular prison population did not constitute grounds for finding that the inmate had reasonable expectation of continuing to live among the prison population such that a decision to place him in administrative segregation would infringe on a liberty interest subject to protection of the Fourteenth Amendment of the United States Constitution. *Id.* at 471–72, 103 S.Ct. at 871. The court further held that a state could create a liberty interest for the benefit of the inmate only if the procedural regulations governing a decision to place the inmate in a more restrictive environment repeatedly used explicit mandatory language requiring that certain procedures must be employed prior to enforcing such a decision to place the inmate in a more restrictive environment. *Id.*

The North Carolina Department of Correction's regulations plainly do nothing more than recommend the process which need not be followed in every case. It is

also well settled that Federal Courts do not occupy the "role of super wardens of the state penal institutions," *Cooper v. Reynold,* 540 F.2d 731, 732 (4th Cir.1976), and "do not supervise state prisons." *Meachum v. Fano,* 427 U.S. 215, 229, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451 (1976). In the case at bar, the defendants made a reasonable decision, based on several factors, not to promote Carson to minimum custody. Further, there is no allegation that Carson was not given notice of his classification review and provided with an opportunity to discuss his consideration from promotion to minimum custody with the classification committee.

Upon the foregoing, the court finds that the plaintiff was not deprived of his constitutional rights. Accordingly, the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is ALLOWED.